IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 5:22-cv-241-M

| | |
|---|---|
| DAVID WEAVER,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF RALEIGH, *et al.*<br><br>Defendants. | ROLFE'S ANSWER to<br>AMENDED COMPLAINT |

Defendant Sergeant William Rolfe respectfully submits this Answer in response to the Plaintiff's First Amended Complaint.

## ANSWER

In response to the individually-numbered paragraphs of the First Amended Complaint, Defendant pleads as follows:

1-4.  In response to the allegations contained in paragraphs 1 through 4, it is admitted only that Plaintiff was, upon information and belief, arrested and incarcerated for approximately 3.5 years due to his guilty plea to certain controlled substance offenses. It is further admitted that Officer Leggett worked as a Police Officer for the City of Raleigh's Police Department, that Omar Abdullah previously worked as a police detective for the City's Police Department, that Dennis Williams worked as a confidential informant under Abdullah's supervision, and that Abdullah and Williams are currently being criminally prosecuted by the Wake County District Attorney's office. It is denied, upon information and belief, that Plaintiff was

"falsely" accused as alleged, that any evidence was "fabricated," or that Plaintiff's arrest or prosecution were "wrongful" as alleged. Except as expressly admitted, any remaining allegations contained in these paragraphs are also denied.

5. In response to the allegations in paragraph 5, it is admitted only that Plaintiff pled guilty and served some sentence as a result of his guilty plea, but the remaining allegations are denied for lack of knowledge or information sufficient to form a belief.

6. The allegations contained in this paragraph state legal conclusions to which no response is required, but to the extent a response may be deemed required, those allegations are denied.

7. Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph, so those allegations are denied.

8. In response to the allegations in paragraph 8, it is admitted that the City of Raleigh is a municipal corporation and that the RPD is, and was at all times, a department of the City of Raleigh. The remaining allegations in this paragraph state legal conclusions or arguments to which no response is required, but to the extent a response may be deemed required, those allegations are denied.

9. Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph, so those allegations are denied.

10. In response to the allegations contained in paragraph 10, it is denied that this answering Defendant engaged in any wrongful conduct, as asserted in the Complaint. Defendant lacks sufficient knowledge or information to form a belief

as to the remaining allegations contained in this paragraph, so those allegations are denied.

11. In response to the allegations in paragraph 11, it is admitted that Abdullah was formerly a police detective with the RPD, that Plaintiff has sued him in his individual capacity, that he was placed on administrative leave, and that he was subsequently terminated. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph dealing with the relevant date(s), so those allegations are denied. Any remaining allegations contained in this paragraph are also denied.

12. In response to the allegations in paragraph 12, it is admitted that Rolfe serves as a sworn police officer with the RPD, and that Plaintiff purports to sue him in his individual capacity, but it is denied that Rolfe is liable to Plaintiff in any fashion as alleged. Except as expressly admitted, any remaining allegations contained in this paragraph are denied.

13. Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph, so those allegations are denied.

14-16. The allegations in these paragraphs are legal conclusions and arguments to which no response is required, but to the extent a response may be deemed required, those allegations are denied.

17. It is admitted that the RPD Drugs and Vice Unit ("Drugs & Vice") investigates potential violations of and enforces laws related to the sale, distribution, manufacturing, and possession or purported drugs, among other tasks. Except as expressly admitted, any remaining allegations are denied.

18. It is admitted that Abdullah was a member of Drugs & Vice at the time of Plaintiff's arrest, but it is denied that the arrest was "wrongful" as alleged. Defendant lacks sufficient knowledge to form a belief as to the exact date of Plaintiff's arrest, so those allegations are denied. Any remaining allegations are also denied.

19. In response to the allegations contained in paragraph 19, it is admitted only that Sgt. Rolfe was one of Abdullah's supervisors in August of 2018. Except as expressly admitted, any remaining allegations are denied.

20-23. In response to the allegations in paragraphs 20 through 23, it is admitted that Drugs & Vice periodically recruits confidential informants to assist with investigations, that the confidential informants are sometimes recruited after they have been arrested, and that confidential informants may be allowed leniency (in the discretion of the District Attorney's office) on their charges or may receive payment for their assistance. Except as expressly admitted, any remaining allegations contained in these paragraphs are denied.

24. In response to the allegations in paragraph 24, it is admitted that confidential informants utilized by Drugs & Vice could be provided pre-recorded money to purchase substances from a criminal suspect. Except as expressly admitted, any remaining allegations are denied.

25. It is admitted that RPD possesses funds to compensate some confidential informants for their work. Except as expressly admitted, any remaining allegations are denied.

26. It is admitted that RPD Policy 1110-04, Management of Informants and Informant Funds, is a writing and that this writing is the best evidence of the City's

requirements concerning payments to confidential informants utilized by Drugs & Vice. Except as expressly admitted, any remaining allegations are denied.

27. It is admitted that Drugs & Vice officers attempt to monitor purchases made by a confidential informant in a controlled buy, and that monitoring can include using video and audio surveillance. Except as expressly admitted, any remaining allegations are denied.

28. It is admitted that a controlled buy can be a part of a criminal investigation and that a criminal investigation can lead to an arrest or to a request for a search warrant. Except as expressly admitted, any remaining allegations are denied.

29-33. In response to the allegations contained in paragraphs 29 through 33, it is admitted upon information and belief that at some point in the late summer of 2018, Abdullah arrested Williams for a controlled substance offense of some sort, and that Williams subsequently worked as a confidential informant under Abdullah's supervision. Except as expressly admitted, the remaining allegations contained in these paragraphs are denied for lack of knowledge or information sufficient to form a belief.

34. Denied for lack of knowledge or information sufficient to form a belief.

35. In response to the allegations in paragraph 35, it is admitted that Williams had the code name "Aspirin," Except as expressly admitted, any remaining allegations are denied.

36. Upon information and belief, it is admitted that Williams had a criminal record of some sort and had previously been arrested, but Defendant lacks sufficient information or knowledge to form a belief as to the exact particulars, so the

remaining allegations are denied. Except as expressly admitted, any remaining allegations are denied.

37. In response to the allegations in paragraph 37, it is admitted that the District Attorney's office approved Williams to work as a confidential informant. Except as expressly admitted, any remaining allegations are denied.

38. Denied.

39. In response to the allegations contained in paragraph 39, it is admitted that some of the individuals who were criminally charged based on controlled buys involving Williams as a confidential informant subsequently had their charges dismissed or convictions vacated. Except as expressly admitted, any remaining allegations are denied.

40-41. Denied.

42. Denied for lack of knowledge or information sufficient to form a belief.

43. Denied.

44. In response to the allegations in paragraph 44, it is admitted that Abdullah stated that he searched Williams before each controlled buy and did not locate any contraband on Williams' person. Except as expressly admitted, any remaining allegations are denied.

45. In response to the allegations in paragraph 45, it is admitted that shortly before Williams was suspended as a confidential informant, Drugs & Vice detectives discovered that Williams appeared to shield the surveillance camera on his person, in violation of RPD policy and in violation of the instructions he was given. Except as expressly admitted, any remaining allegations are denied.

46. In response to the allegations contained in paragraph 46, it is admitted that Abdullah stated that he searched Williams after each controlled buy and not locate any contraband on Williams' person. Except as expressly admitted, any remaining allegations are denied.

47. Denied.

48. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

49-52 Denied.

53-57. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those paragraphs are denied.

58. In response to the allegations contained in paragraph 58, it is admitted only, upon information and belief, that Mr. King and others filed a prior lawsuit and that the City of Raleigh settled certain disputed claims asserted by Mr. King in that prior lawsuit. Except as expressly admitted, any remaining allegations are denied.

59. Denied.

60-61. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

62. In response to the allegations in paragraph 62, it is admitted that Drugs & Vice provided a surveillance camera to Williams to record controlled buys, but this Defendant lacks sufficient knowledge or information to form a belief as to whether that happened in the particular instance alleged in the Complaint, so those allegations are denied. Except as expressly admitted, any remaining allegations are also denied.

63-64. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in these paragraphs, so those allegations are denied.

65. Upon information and belied, denied.

66. Denied.

67. Denied.

68. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

69. Denied.

70. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

71. In response to the allegations in paragraph 71, it is admitted upon information and belief that at some point, Abdullah applied for and received a warrant to arrest Plaintiff. The remaining allegations in this paragraph, including those asserting that evidence or allegations were fabricated, are denied.

72. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

73-74. Denied.

75. In response to the allegations in paragraph 75, it is admitted upon information and belief that at some point in August of 2018, Plaintiff was arrested by RPD officers. This answering Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph, so those allegations are denied.

76-102. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraphs 76 through 102, so those allegations are denied.

103-104. Upon information and belief, denied.

105-109. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

110-111. In response to the allegations in paragraphs 110 and 111, it is admitted only that the document attached as an exhibit to the Amended Complaint appears to be a portion of an Offense/Incident report, but this answering Defendant lacks sufficient knowledge or information to form a belief as its authenticity. Except as expressly admitted, any remaining allegations in these paragraphs are denied for lack of information or knowledge sufficient to form a belief.

112-121. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

122. In response to the allegations in paragraph 122, this answering Defendant presently lacks sufficient knowledge or information to form a belief as to whether he reviewed the reports that Abdullah allegedly submitted relating to the incident(s) at issue, so those allegations are denied. It is expressly denied that Sgt. Rolfe "approved" any documents or reports known or believed by him to contain "fabricated" information. Any remaining allegations are also denied.

123-130. In response to the allegations in paragraphs 123 through 130, it is admitted only that upon information and belief, Plaintiff entered a guilty plea to some offense (or offenses) and was sentenced, and that his conviction was subsequently set aside or vacated. This answering Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in these paragraphs, so those allegations are denied.

131. The allegations in this paragraph state legal conclusions and arguments to which no response is required, but to the extent a response may be deemed required, those allegations are denied.

132. Denied.

133. Denied.

134. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

135. The allegations in this paragraph state legal conclusions and arguments to which no response is required, but to the extent a response may be deemed required, they are denied. It is specifically denied that probable cause was lacking.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. In response to the allegations contained in paragraph 144, this Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff "refused to cooperate and work as an informant," so those allegations are denied. The remaining allegations are also denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. In response to the allegations in paragraph 149, it is admitted only that, upon information and belief, Plaintiff entered a plea agreement and that, subsequently, the District Attorney's office agreed to a dismissal of the at least some of the criminal charges, but this Defendant does not have sufficient knowledge or information to form a belief as to whether *all* of the charges were dismissed. Except as expressly admitted, any remaining allegations are denied.

150. Denied.

151. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

152. The allegations in this paragraph state legal conclusions and arguments to which no response is required, but to the extent a response may be deemed required, they are denied. It is specifically denied that any evidence was "fabricated" as alleged. Any other allegations are also denied.

153-158. Upon information and belief, the allegations in these paragraphs are denied.

159. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

160-165. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs about Officer Leggett's presence during the course of the incidents at issue, so those allegations are denied. The remaining allegations are also denied.

166. Denied.

167. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. In response to the allegations in paragraph 176, it is admitted only that, upon information and belief, Plaintiff entered a plea agreement and that, subsequently, the District Attorney's office agreed to a dismissal of certain of the criminal charges. Except as expressly admitted, any remaining allegations are denied.

177. Denied.

178. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

179. Denied.

180. Denied.

181. This answering Defendant currently lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph, so those allegations are denied.

182. Denied.

183. In response to the allegations in paragraph 183, it is admitted that Williams was suspended as an informant in or about May of 2020. Except as expressly admitted, any remaining allegations are denied.

184. Denied.

185. Denied.

186. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

187. The allegations contained in this paragraph are legal conclusions or arguments to which no response is required, but to the extent that a response may be deemed required, those allegations are erroneous and are denied.

188. Denied.

189. Denied (including the subparts).

190. Denied.

191. This answering Defendant lacks sufficient knowledge or information to form a belief as to allegations contained in paragraph 191, so those allegations are denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Except as expressly admitted, any remaining allegations (including those contained in Plaintiff's prayer for relief) are denied. It is expressly denied that Plaintiff is entitled to a recovery or relief of any sort from this or any other Defendant.

## FIRST AFFIRMATIVE DEFENSE

The Defendant pleads the defenses of qualified immunity (as to the Plaintiff's federal claims) and public officer/official immunity (as to Plaintiff's state law claims) as a defense to the claims against him in his individual capacity.

## SECOND AFFIRMATIVE DEFENSE

The Defendant pleads all other applicable immunities to which he is entitled by operation of law in bar of Plaintiff's rights to recover herein.

## THIRD AFFIRMATIVE DEFENSE

Defendant pleads the defenses of legal justification, privilege and probable cause in bar of Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in compliance with and pursuant to N.C.G.S. § 15A-401, and any search or other action was therefore privileged. Defendant's compliance therewith is hereby pled as an affirmative defense to all applicable claims asserted by Plaintiff against him.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by N.C.G.S. §1D *et seq.* and by the constitutions of the United States and North Carolina. Plaintiffs' claims for punitive damages are in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that they would deprive the Responding Defendant of property without due process of law; further, the claims for punitive damages are violative of the Fourteenth Amendment of the Constitution of the United States concerning equal protection; and the punitive damages claims are further in violation of the Eighth Amendment of the Constitution of the United States prohibiting imposition of excessive fines.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SEVENTH DEFENSE

Plaintiff's claims, or some of them, are barred by the applicable statutes of limitations.

## ADDITIONAL AFFIRMATIVE DEFENSE

THIS ANSWERING DEFENDANT RESERVES THE RIGHT TO AMEND HIS ANSWER AND TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE CLAIMS OF PLAINTIFF ARE MORE FULLY DISCLOSED DURING THE COURSE OF THIS LITIGATION.

WHEREFORE, having fully answered each and every allegation contained in Plaintiff's Amended Complaint, the Defendant prays the Court as follows:

1. That Plaintiff have and recover nothing of this Defendant by way of this action;

2. For the costs of this action, including reasonable attorneys' fees;

3. For a trial by jury of all matters properly and customarily tried to a jury, and that the Court hear and determine those issues properly and customarily determined by the Court; and

4. For such other and further relief as the Court may deem just and proper.

This the 30th day of September, 2022.

/s/Norwood P. Blanchard, III
Norwood P. Blanchard, III
NC Bar #: 26470
**Crossley McIntosh Collier Hanley & Edes, PLLC**
5002 Randall Parkway
Wilmington, NC 28403
Tel. (910) 762-9711
Fax. (910) 256-0310
norwood@cmclawfirm.com
*Attorneys for Defendant Rolfe*

## CERTIFICATE OF SERVICE

I certify that on the 30th day of September, I filed the foregoing ANSWER with the Court's CM/ECF electronic filing system, which will electronically serve all other counsel of record in this matter.

This the 30th day of September, 2022.

/s/Norwood P. Blanchard, III\_\_\_
Norwood P. Blanchard, III